AFFELD GRIVAKES ZUCKER LLP
David Affeld, SBN 123922
dwa@agzlaw.com
Christopher Grivakes, SBN 127994
cg@agzlaw.com
Gregg Zucker, SBN 166692
gz@agzlaw.com
12400 Wilshire Blvd., Ste 1180
Los Angeles, CA 90025
Telephone: (310) 979-8700
Facsimile: (310) 979-8701

*Attorneys for Plaintiffs*

FILED
10 AUG -3 PM 3:17
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| CLIFF WILLIAMS, a California resident, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TIMESHARE RELIEF, INC., a purported California corporation,<br><br>Defendant. | Case No. **CV10 5768-PA (Ex)**<br><br>CLASS ACTION<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cliff Williams, on behalf of himself and all others similarly situated, hereby demands a jury trial, and alleges as follows:

### I.   PARTIES

1.   Plaintiff Cliff Williams ("Plaintiff") is a natural person residing in the County of Ventura, California.

2.   Upon information and belief, plaintiff alleges that Defendant Timeshare Relief, Inc. ("Timeshare Relief") purports to be a corporation formed under the laws of

the State of California, with its principal place of business in Torrance, California.

3. Plaintiff will amend this complaint to add the names of Timeshare Relief's alter egos and/or agents who control the company and/or who facilitated the improper acts described below.

## II. JURISDICTION AND VENUE

4. This is a class action.

5. Members of the proposed class are drawn from all 50 states. Upon information and belief, plaintiff alleges that the majority of the purported class members are residents of the State of California. Pursuant to 28 U.S.C. § 1332(c)(1), Timeshare Relief, by reason of its purported place of incorporation and principal place of business, is a citizen of the State of California.

6. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. §1332(d). Upon information and belief, plaintiff alleges that this is a putative class action whereby: (A) the proposed class consists of over 100 or more members; (B) diversity of citizenship exists between certain members of the proposed class and Timeshare Relief; and (C) the claims of the proposed class exceed $5,000,000 in the aggregate, exclusive of interest and costs. As such, jurisdiction is proper in this district.

7. Pursuant to 28 U.S.C. §1391(a)(2) and (c), venue is also proper within this district. A substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this district. Further, defendant, a corporation, is a resident of this district as its contacts within this district are sufficient to subject it to personal jurisdiction. Defendant maintains its principal office in this district and actively and continuously promotes the acquisition of its products and services to citizens who reside within this district.

## III. FACTUAL ALLEGATIONS

8. Timeshare Relief is a company that is engaged in the business of transferring ownership of timeshares for a fee, so that the original timeshare owner may

be relieved of maintenance fees, taxes and special assessments associated with the timeshare. Timeshare Relief operates throughout the United States, including in this district.

9. Timeshare Relief advertises with direct mailings to timeshare owners containing statements that, "If you have tried to get rid of your timeshare with no success, we invite you to call us at 888-391-7734 to find out about our Guaranteed Timeshare Relief Solution. We hope we have the honor of helping you make a beneficial decision for you and your family for generations to come."

10. Timeshare Relief's advertising and solicitation do not include any reference that consumers have to pay Timeshare Relief to accept transfer of their timeshares. Instead, the advertising has suggested that Timeshare Relief would be paying the consumer. From 2006 to the present, advertisements have stated:

- "Our representatives will be making offers on timeshares."
- "We will be in your area making offers on timeshares on the following dates".
- "If you accept our offer, you will not be responsible for future maintenance fees or special assessments."
- "We are so confident in our unique approach to getting you out of your timeshare, we will pay for your gas to come see us with a FREE $25 American Express Gas Card!"
- "We have a guaranteed exit strategy if you need timeshare relief."
- "Our guaranteed exit strategy has brought financial relief and peace of mind to nearly 20,000 customer since 2004."
- "Our representatives will be making offers on timeshares on the following dates:"

11. For the last four years, Plaintiff regularly received written solicitations in the mail from Timeshare Relief advertising that it would make him an offer on his timeshare, relieve him of ownership of his timeshare, and included offers of a free gas card as a promotional incentive. The written solicitations made no mention that

plaintiff would be required to pay Timeshare Relief to relieve him of ownership of his timeshare.

12. Consumers, including Plaintiff, understood Timeshare Relief's advertising to mean that Timeshare Relief would be offering them money in exchange for their timeshares.

13. Timeshare Relief thus omitted a material fact – namely, the need to pay a fee for Timeshare Relief's timeshare transfer service – from its advertising, in violation of consumer statutes prohibiting deceptive trade practices, including but not limited to Business and Professions Code §§17537.1 and 17500.

14. In response to the written solicitations, Plaintiff called an 800 telephone number and was informed that he would have to attend a webinar. In November 2009, Plaintiff attended a webinar. During the webinar, the Timeshare Relief representative informed Plaintiff and the other attendees that the timeshare industry has created permanent "albatrosses" for buyers of timeshares, that he would never be able to sell his timeshare, that when he died his children would inherit the payment obligations such that the timeshare was a permanent burden to Plaintiff and his heirs, and that if he simply filled out his paperwork and submitted the one-time payment of $3,500 to Timeshare Relief he would be forever relieved of the albatross. Based on the manner in which this presentation was made, Plaintiff understands that these representations were common to the other presentations done by Timeshare Relief.

15. The representations made to Plaintiff by Timeshare Relief were false in several material respects: (1) Plaintiff could have sold his timeshare just as Timeshare Relief subsequently did; and (2) Plaintiff's heirs would not be permanently obligated on the timeshare as the heirs could disclaim the inheritance of the timeshare.

16. In December 2009, Plaintiff completed all of the forms presented to him by Timeshare Relief and paid the $3,500 one-time fee. Plaintiff is informed and believes that Timeshare Relief or one of its affiliates sold Plaintiff's timeshare some time after January 2010.

COMPLAINT

17. California *Civil Code* §1689.21(a) requires that a seminar sales solicitation contract or offer must contain in immediate proximity to the space reserved for signature a conspicuous statement in 10-point bold type that "You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See attached notice of cancellation form for an explanation of this right." California *Civil Code* §1689.21(c) requires that "The agreement or offer to purchase shall be accompanied by a completed form in duplicate, captioned 'Notice of Cancellation,' which shall be attached to the agreement or offer to purchase and be easily detachable, and which shall contain in type of at least 10-point" a statement explaining the Notice of Cancellation. California *Civil Code* §1689.21(c) requires that "The seller shall provide the buyer with a copy of the contract or offer to purchase and the attached notice of cancellation, and shall inform the buyer orally of his or her right to cancel at the time the seminar sales solicitation contract or offer is executed." California *Civil Code* §1689.21 (e) requires that "Until the seller has complied with this section, the buyer may cancel the seminar sales solicitation contract or offer."

18. Timeshare Relief did not comply with the above requirements. Among other things, Timeshare Relief failed to provide Plaintiff the required three-days notice of cancellation, and instead provided him with a Notice of Cancellation that was printed in a very faint grey font on the back of another document in such fashion that few, if any, purchasers would even be able to realize that the notice was there, and in fact Plaintiff did not notice it.

19. Upon information and belief, prior to October 2008, Timeshare Relief did not provide the required short-form three-days notice of cancellation above the signature line, and instead provided an improper "Notice of Cancellation" stating, in a very faint gray font on the back of another document that would not be noticed by consumers, "Client has a three day right of rescission period. Dissolution requires the client to request, in writing, a cancellation form from the TSR office within three calendar days of this agreement, and return the completed form within seven days of

receipt." This language was difficult for reasonable consumers to understand (with its use of terms like "rescission" and "dissolution"), and it required them to take an added step in order to cancel, namely, to request a cancellation form from the company.

20. During sales presentations, Timeshare Relief would obtain from participants information identifying their timeshares. Upon learning the involved timeshare resort, Timeshare Relief was able to ascertain whether or not a particular timeshare could be disposed of on eBay or through other sales offerings at a gain, even if such gain was nominal in amount. It would decline to enter into transactions with any participant who did not own a timeshare which it knew or reasonably believed could be sold to someone else for a profit. Since Timeshare Relief's profits came from payments received from participants in its sales presentations, it specifically targeted those timeshares which it knew had some value on the open market for timeshares.

## IV.   CLASS ACTION ALLEGATIONS

21. **Class Definition:** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action on behalf of himself and the class initially defined as follows:

   A.   **Nationwide Class:**

   **Timeshare Owners A**: (i) All persons and non-commercial, non-business entities in the United States who, at any time from 2006 through the present, (ii) attended a sales presentation by Timeshare Relief, and (iii) then contracted with Timeshare Relief or its predecessor to transfer their timeshare to Timeshare Relief by paying Timeshare Relief a fee without receiving proper notice of cancellation.

   **Timeshare Owners B**: (i) All persons and non-commercial, non-business entities in the United States who, at any time from 2006 through the present, (ii) were lured into attending a sales presentation by Timeshare Relief through written

Page 6
COMPLAINT

solicitations which failed to disclose that Timeshare Relief was offering its services for a fee to participants and (iii) then contracted with Timeshare Relief or its predecessor to transfer their timeshare to Timeshare Relief by paying Timeshare Relief a fee.

**Timeshare Owners C**: (i) All persons and non-commercial, non-business entities in the United States who, at any time from 2006 through the present, (ii) attended a Timeshare Relief sales presentation, (iii) were told by Timeshare Relief that their timeshares were worthless or could not be sold, (iv) and then contracted with Timeshare Relief or its predecessor to transfer their timeshare to Timeshare Relief by paying Timeshare Relief.

**Timeshare Owners D**: (i) All persons and non-commerical non-business entities in the United States who, at any time from 2006 through the present, (ii) attended a Timeshare Relief sales presentation, (iii) were told that their timeshares would be a burden to their heirs, and (iv) then contracted with Timeshare Relief by paying Timeshare Relief a fee.

Excluded from the proposed classes are Timeshare Relief, its predecessors, affiliates, successors or assigns, any entity in which Timeshare Relief has a controlling interest or which has a controlling interest in Timeshare Relief, and all officers and directors of these entities. Also excluded are the immediate family members of the above described persons, as well as the judge to whom this case is assigned and any member of that judge's immediate family.

22. **Numerosity of the Class—F.R.C.P 23(a)(1)**. Class members are so numerous that individual joinder herein is impracticable. Plaintiff estimates that the members of each Class number in the thousands or tens of thousands. The precise

number of Class members and their addresses are unknown to Plaintiff but may be obtained from Timeshare Relief's records.

23. **Existence and predominance of common questions of fact and law—F.R.C.P.(a)(2) and (b)(3)**. Common questions of law and fact exist as to all members in both proposed classes. These questions predominate over the questions affecting only individual Class members, and include:

(a) Whether Timeshare Relief engaged in a common course of conduct of (i) engaging in deceptive advertising to consumers, (ii) failing to provide proper notice of rescission to consumers, (iii) falsely representing to participants at its sales presentations that their timeshares were worthless and could not be sold and/or that their timeshares would be a burden to their heirs.

(b) Whether Timeshare Relief acted intentionally.

(c) Whether Timeshare Relief's practices, as alleged herein, have deceived a substantial portion of the public.

(d) Whether Timeshare Relief's practices, as alleged herein, are likely to deceive a substantial portion of the public.

(e) Whether Timeshare Relief's practice of failing and refusing to comply with consumer laws constitutes a common course of conduct towards the class.

(f) Whether Timeshare Relief has been unjustly enriched as a result of its conduct as alleged herein.

24. **Typicality—F.R.C.P. 23(a)(3)**. Plaintiff's claims are typical of the claims of the Class because, as with all other Class members, Plaintiff was induced to attend a sales seminar presentation and entered into a transaction with Timeshare Relief without having proper notice of cancellation.

25. **Adequacy—F.R.C.P. 23(a)(4)**. Plaintiff is an adequate representative of the Class because his interests do not conflict with those of the Class, and he has retained counsel experienced and competent in consumer class actions and other complex consumer litigation. The interests of the Class members will be fairly and

adequately protected by Plaintiff and his counsel.

26. **Superiority—F.R.C.P. 23(b)(3)**. A class action is superior to other available means for the fair and efficient adjudication of the claims of the members of the Classes (hereafter, "Class members"). The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that individual litigation of the claims of Class members against Defendant would entail. It would thus be virtually impossible for Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances presented here.

27. **Notice Plan (C.D. Cal. R. 23-2.2(g):** Notice may be accomplished through a professional notice provider via direct mail to each timeshare owner who contracted with Timeshare Relief as identified by the records of Timeshare Relief. In general and unless other circumstances arise, Plaintiff contemplates notice will be sent out after class certification in order to give Class members the ability to opt out of the class, and again after settlement or trial to notify Class members of the outcome and any steps they must take for recovery of damages.

### V.   FIRST CLAIM FOR RELIEF: VIOLATION OF CALIFORNIA'S GENERIC DECEPTIVE ADVERTISING LAW, Business and Professions Code §17500

28. Plaintiff, on his own behalf and on behalf of all Class members realleges and incorporates paragraphs 1 through 27 of this Complaint.

29. Defendant has made and disseminated untrue or misleading statements to the public of the State of California and disseminated from California untrue or misleading statements to the public of the other forty-nine United States with the intent directly or indirectly to perform services or to unfairly induce the public to enter into an obligation. Defendant knew or should have known by the exercise of reasonable care that these statements were untrue or misleading. These material statements include the following:

    A. That timeshare owners would be "offered" consideration by Timeshare Relief for their timeshares. In fact, Timeshare Relief charged a fee to participants at its sales presentations in order to transfer title of the timeshares to a related entity.

    B. That timeshare owners would not be able to sell their timeshares which would remain a burden on the owners and their heirs forever. In fact, any person who receives a timeshare as a bequest is free to decline the timeshare. Moreover, if the estate's administrator declines to maintain the payment of attendant annual dues and assessments, the resort which developed the timeshare would initiate foreclosure of the timeshare interest and obtain its return.

    C. That timeshare owners would not be able to sell or otherwise dispose of their timeshares. In fact, Timeshare Relief only targeted those timeshares which it knew could be sold through eBay or elsewhere on the open market without incurring any financial loss.

30. Relying upon these representations, Plaintiff and the other Class members have suffered injury in fact and economic loss. Plaintiff and the other Class members are entitled to restitution of all improper charges by Timeshare Relief in an amount to be determined at trial.

31. Plaintiff and the other Class members are entitled to an injunction prohibiting Timeshare Relief from continuing to make further untrue and misleading

COMPLAINT

statements as described herein.  Defendant will continue to make these untrue and misleading statements unless enjoined by order of this Court.

## VI.   SECOND CLAIM FOR RELIEF:  VIOLATIONS OF CALIFORNIA'S PROMOTIONAL INCENTIVES LAW

### Business and Professions Code §17537.1 et seq.

32. Plaintiff, on his own behalf and on behalf of all Class members, realleges and incorporates paragraphs 1 through 31 of this Complaint

33. In its mailers, Timeshare Relief offers a $25 gift card as a promotional incentive to contact a sales agent, visit a location, or attend a sales presentation. Business and Professions Code §17537.1(a)(1)(B) requires that the offeror of a promotional incentive provide a writing prior to any scheduled visit to a location, sales presentation, or contact with a sales agent which discloses "a general description of the business of the owner or provider…, and the purpose of any requested visit, sales presentation, or contact with a sales agent, which shall include a general description of the real or personal property or services which are the subject of the sales presentation and a clear statement, if applicable, that there will be a sales presentation and the approximate duration of the visit and sales presentation." In the various mailers sent to plaintiff, Timeshare Relief made none of these statutorily-required disclosures. In fact, the mailers mistakenly conveyed the impressions that participants will not be required to expend any more monies with respect to their timeshares.

34. Business and Professions Code §17537.4 provides that any person damaged by a violation of Business and Professions Code §17537.1 "may bring a civil action against the person making the offer for, and may be awarded, treble damages. The court may award reasonable attorneys' fees to the prevailing party."

35. As a result of these violations, Plaintiff and the other Class members have suffered damages in an amount to be determined at trial.

## VII. THIRD CLAIM FOR RELIEF: VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION ACT,
### Business and Professions Code §17200

36. Plaintiff, on his own behalf and on behalf of all Class members, realleges and incorporates paragraphs 1 through 35 of this Complaint.

37. Defendant Timeshare Relief has engaged in unlawful business acts and practices in violation of Business and Professions Code §17200. These include:

    A. Violations of California's Seminar Sales Act. Civil Code §1689.24 defines a "Seminar sales solicitation contract or offer" as a contract or any offer of services in an amount of $25 or more made using selling techniques in a seminar setting. The latter is further defined as meaning "premises other than the residence of the buyer." Timeshare Relief, in conducting Seminar Sales, failed to provide to plaintiff and other members of Class A that Notice of Cancellation required by and in the former prescribed by Civil Code §1689.21. Civil Code §1689.21(e) further provides that "Until the seller has complied with this section, the buyer may cancel the seminar sales solicitation contract or offer." Civil Code §1689.22 states that a seller must tender to a buyer any payments made by the buyer." Plaintiff is herein cancelling or rescinding his contract with Timeshare Relief.

    B. Those untrue and misleading statements as alleged in the First Claim for Relief of this Complaint.

    C. Those violations of Business & Professions Code §17537.1 et seq. as set forth above.

38. As a result of these violations, Plaintiff and the other Class members have suffered injury in fact and economic loss. They are entitled to rescission and/or restitution of all improper fees imposed by Timeshare Relief in an amount to be

1  determined at trial.

2      39.    Plaintiff and the other Class members are entitled to an injunction prohibiting Timeshare Relief from continuing to engage in those acts of unfair competition alleged in this Claim for Relief. Based on its pattern of misconduct, Timeshare Relief will continue to engage in such unlawful acts and practices unless enjoined by order of this Court.

### VIII. FOURTH CLAIM FOR RELIEF: UNJUST ENRICHMENT

40.    Plaintiff, on his own behalf and on behalf of all Class members, realleges and incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.    By committing the actions herein alleged, Timeshare Relief unjustly received monies and benefits and wrongfully accepted and retained those benefits to the detriment of Plaintiff and the other Class members.

42.    Timeshare Relief's enrichment at the expense of Plaintiff and the other Class members is unjust. It is unconscionable for Timeshare Relief to retain those monies received, any interest thereon, and any proceeds therefrom.

43.    Plaintiff and the other Class members are entitled to a return or refund of all amounts they have paid Timeshare Relief for improper and undisclosed charges plus any interest or any proceeds earned on those monies.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

A.    An order certifying the proposed nationwide Classes under CR 23 and appointing Plaintiff and his counsel of record to represent the Classes;

B.    Actual damages.

C.    Punitive damages.

D.    Treble damages.

D.    Rescission and return or refund of all amounts paid to Timeshare Relief for

improper service fees;

    E.    Attorneys' fees and costs of suit, including expert-witness fees and prejudgment interest;

    F.    Injunctive relief in accordance with Plaintiff's First, Second, and Third Claims for Relief; and

    G.    Such other relief as this Court may deem just and proper.

Dated: August 2, 2010

AFFELD GRIVAKES ZUCKER.

Christopher Grivakes, Esq. (State Bar No. 127994)
Email: cg@agzlaw.com
Gregg Zucker, Esq. (State Bar No.166692)
Email: js@ikdlaw.com
12400 Wilshire Blvd., Suite 1180
Los Angeles, California 90025
Telephone: (310) 979-8700
Facsimile: (310) 979-8700

By _____
Christopher Grivakes
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: August 2, 2010

        AFFELD GRIVAKES ZUCKER.

        Christopher Grivakes, Esq. (State Bar No. 127994)
        Email: cg@agzlaw.com
        Gregg Zucker, Esq. (State Bar No.166692)
        Email: js@ikdlaw.com
        12400 Wilshire Blvd., Suite 1180
        Los Angeles, California 90025
        Telephone: (310) 979-8700
        Facsimile: (310) 979-8700

By _____
    Christopher Grivakes
    *Attorneys for Plaintiffs*