**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5768 PA (Ex) | Date | August 10, 2010 |
|---|---|---|---|
| Title | Cliff Williams v. Timeshare Relief, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - ORDER TO SHOW CAUSE

      Before the Court is a Complaint filed by plaintiff Cliff Williams ("Plaintiff"). Plaintiff alleges that this Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). To establish diversity jurisdiction pursuant to CAFA, Plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). However, even if these requirements have been met a district court may not necessarily exercise jurisdiction over the action:

> A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . .

28 U.S.C. § 1332(d)(3).

      In addition to this discretionary exception CAFA also states that it is mandatory for a court to decline jurisdiction in certain circumstances:

> A district court shall decline to exercise jurisdiction . . . over a class action in which . . . two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4)(B).

**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5768 PA (Ex) | Date | August 10, 2010 |
|---|---|---|---|
| Title | Cliff Williams v. Timeshare Relief, Inc. | | |

A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A person is domiciled in the place he resides with the intent to remain or to which he intends to return.  See Kanter, 265 F.3d at 857.

Defendant Timeshare Relief, Inc. ("Defendant") is the sole defendant in this action.  Plaintiff's Complaint alleges that Defendant is a citizen of California, since it is incorporated in and has its principal place of business in California.  The Complaint also alleges that "[m]embers of the proposed class are drawn from all 50 states.  Upon information and belief, plaintiff alleges that the majority of the purported class members are residents of the State of California."  (Compl. ¶ 5.)  Based on these allegations, it is likely that at least 51% of the members of the proposed plaintiff class are citizens of California as well, and that the discretionary or mandatory exceptions to CAFA jurisdiction may apply.  To assist the Court in determining whether to exercise jurisdiction over this matter under CAFA, the parties are ordered to show cause in writing whether the provisions of 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4)(B) apply.  In responding to this Order to Show Cause the parties shall address the following questions:

1. Whether two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of California;

2. Whether the number of California citizens in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other States, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

3. Whether, during the 3-year period preceding the filing of this action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

Defendant is ordered to file its response to this Order to Show Cause no later than August 24, 2010.  Plaintiff is ordered to file his response no later than September 7, 2010.  The failure to respond by these dates may result in the imposition of sanctions, including dismissal of this action without prejudice.

IT IS SO ORDERED.